# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.

KEITH D. WILBER, JR.
(DOB: XX/XX/1993)

CRIMINAL COMPLAINT

CASE NUMBER: 21-M- 685

I, Brian D'Arcy, the undersigned complainant, being duly sworn, states the following is true and correct to the best of my knowledge and belief. That between about August 3, 2020 and August 19, 2020, in the State and Eastern District of Wisconsin, Keith D. Wilber, Jr., committed Misprision of a Felony in violation of Title 18, United States Code, Section 4; and Arson in Connection with a Federal Felony in violation of Title 18, United States Code, Sections 844(h) and 2(a).

I further state that I am a Special Agent with the Federal Bureau of Investigation, and this complaint is based on the following facts:

Please see the attached affidavit.

Continued on the attached sheet and made a part hereof: _X_ Yes ___ No

B. m. D'A_____ 05/28/21 at 1:42P.M.
Signature of Complainant
SA Brian D'Arcy

Sworn to before me and subscribed in my presence,

May 28, 2021                                    at       Green Bay, Wisconsin
Date                                                     City and State

The Honorable James R. Sickel
United States Magistrate Judge

**Name & Title of Judicial Officer**                     Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

## AFFIDAVIT IN SUPPORT OF A
## CRIMINAL COMPLAINT AND ARREST WARRANT

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been employed as such since July 2017. Upon graduation from the FBI Academy in Quantico, Virginia, I was assigned to the Milwaukee Division, Green Bay Resident Agency. Since arriving in Green Bay, I have been assigned to work on various criminal violations, to include fraud, child pornography, and armed robberies. I have experience in conducting criminal investigations involving suspects using electronic communications to orchestrate criminal activity. I have assisted in the execution of search warrants for the purpose of obtaining documents relating to various criminal activity. As a Special Agent of the FBI, I am authorized to investigate violations of the criminal laws of the United States, and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

2. Along with officers of the Menominee Tribal Police Department, I investigated the origin of a vehicle arson in a remote area of the Menominee Indian Reservation. The investigation revealed an attempt by Timothy M. Snider, Jr. (DOB: XX/XX/1992) (hereinafter referred to as "Snider") to conceal evidence of the death of a woman resulting from his distribution of a controlled substance, and the use of communication devices to facilitate that distribution, which occurred in Brown County in the State and Eastern District of Wisconsin. The investigation further revealed that Snider arranged for Emerson K. Reed a/k/a "Kelo" (DOB: XX/XX/1986) (hereinafter referred to as "Reed"), Keith D. Wilber, Jr. (DOB: XX/XX/1993) (hereinafter "Wilber"), and Kayla M. Childs (DOB: XX/XX/1988) (hereinafter "Childs") to take steps to conceal his actions, which would hinder and prevent investigation and prosecution of his distribution of controlled

substances and the resulting death. These steps included moving a vehicle containing the remains of S.R.G., the woman who overdosed on heroin provided by Snider, from Brown County to a location on the Menominee Indian Reservation. Reed, Wilber, and Childs then moved the vehicle and S.R.G.'s remains to a second location on the Menominee Indian Reservation, where Reed and Wilber used accelerants to set the vehicle and remains on fire. The resulting fire destroyed the vehicle and consumed the remains, which prevented an investigation into S.R.G.'s overdose death and concealed Snider's crimes.

3. This affidavit is being submitted for the limited purpose of a criminal complaint. Because this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included every detail of this investigation. Rather, I have set forth only those facts necessary to establish probable cause. The information contained in this affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers, all of whom I believe to be truthful and reliable.

4. I respectfully submit that there is probable cause to believe that the following people committed the following crimes:

- Timothy M. Snider, Jr., who committed Distribution of a Controlled Substance in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); Use of a Communication Facility in Furtherance of a Narcotics Offense in violation of Title 21, United States Code, Section 843(b); and Obstruction of Justice Conspiracy in violation of Title 18, United States Code, Sections 1512(b)(3) and (k);
- Emerson K. Reed a/k/a "Kelo," who committed Misprision of a Felony in violation of Title 18, United States Code, Section 4; and Arson in Connection with a Federal Felony in violation of Title 18, United States Code, Sections 844(h) and 2(a);
- Keith D. Wilber, Jr., who committed Misprision of a Felony in violation of Title 18, United States Code, Section 4; and Arson in Connection with a Federal Felony in violation of Title 18, United States Code, Sections 844(h) and 2(a); and

2

- Kayla M. Childs, who committed Misprision of a Felony in violation of Title 18, United States Code, Section 4.

## PROBABLE CAUSE

5. On August 19, 2020, the Menominee Tribal Police Department (METP) responded to a report of a burned-out vehicle in the forest. A logger discovered the vehicle when he entered a remote area of the Menominee Indian Reservation to check the progress of a logging crew assigned to that "compartment." Following the discovery, METP officers, agents with the Federal Bureau of Investigation Evidence Response Team, and arson investigators with the Wisconsin Department of Justice - Division of Criminal Investigation searched the vehicle and surrounding area. Investigators recovered what appeared to be human remains, including bone fragments, from the front passenger area of the vehicle. Officers located two spent nine-millimeter bullet casings approximately 100 yards from the vehicle. Officers also found a license plate on the vehicle, which was registered to an individual in Green Bay.

6. Investigators spoke with the registered owner, who indicated his girlfriend, S.R.G., had been driving his Tiburon following his arrest at the beginning of August. The registered owner provided S.R.G.'s name as well as the name of another person whom he believed she visited during that time. The registered owner stated he and the other person searched for S.R.G. after his release from jail. The other person told investigators that he spoke with Timothy Snider around August 8 or August 9, 2020, who told him that he saw S.R.G. after the registered owner's arrest. Snider believed that someone may have given S.R.G. heroin because she was sitting in the Tiburon acting "out of it" outside of Snider's residence. Snider said that he had not seen S.R.G. since this encounter. Investigators were able to determine that S.R.G. did not have contact with anyone after August 3, 2020.

3

7. Investigators collected DNA from S.R.G.'s relatives and confirmed the remains in the vehicle were in fact those of S.R.G.

8. Investigators obtained S.R.G.'s Facebook and cell phone records, which showed she was at a casino in the Green Bay area on August 3, 2020 before traveling to the area near Snider's residence around 2pm on August 3, 2020. Facebook conversations saved in S.R.G.'s account showed she was in discussions with a number of people between approximately 10:00am and 2:15pm on August 3, 2020. These discussions included a conversation with a Facebook account associated with Snider, wherein Snider said that he wanted to smoke and S.R.G. asked if he had "down." I know, based on information and belief, that "down" is a common reference in the Green Bay area for heroin. Snider said that he had "down," and it was good. S.R.G. replied that she would take a "point" to try. I know, based on information and belief, that a "point" refers to one-tenth of a gram of heroin. The conversations, tower data, and GPS information show that S.R.G. met Snider at or near his residence around 2pm on August 3, 2020. S.R.G.'s last communication through any known means was to send a message via Facebook Messenger at 2:27pm stating, "the down is fire," to a person known to law enforcement.

9. Later interviews of people who claimed to be at Snider's residence the following day demonstrate that S.R.G. overdosed on heroin she received from Snider and was dead by evening. These individuals stated to investigators that Snider described S.R.G. as having used heroin he gave her. One of these individuals was Emerson Reed. Snider told Reed that S.R.G. was "snoring" after S.R.G. used the heroin that he gave her. Reed indicated in an interview that he knew, and I know based on information and belief, that "snoring" is agonal breathing overdose victims demonstrate shortly before their breathing ceases. Reed further indicated Snider asked him to help get rid of the vehicle and S.R.G.'s remains. Reed said he contacted Wilber to call in a favor

4

Wilber had allegedly offered him in the past and asked for assistance in concealing S.R.G.'s overdose death.

10. Investigators learned Snider was released from custody on a pending Brown County criminal case and was subjected to GPS monitoring as a condition of that release. Investigators then obtained Snider's GPS tracking information, which was a condition of his release from custody on a pending Brown County criminal case. This information showed Snider traveled to a location on S.E. Bass Lake Road on the Menominee Indian Reservation on August 4, 2020. Investigators obtained camera footage from various locations along the precise path Snider traveled. This footage captured the Tiburon and a dark Jeep Grand Cherokee as they traveled from near Snider's residence in Brown County to the Menominee Indian Reservation. The times the Tiburon and Jeep passed the cameras matched the times and locations reported by Snider's GPS device.

11. Investigators obtained cell phone and tower data information for phones connected to Snider, which showed calls to and from his phone on the trip to the Menominee Indian Reservation. Further records associated with the numbers contacted by Snider identified one of the individuals accompanying Snider on his trip to and from the Menominee Indian Reservation to be Reed.

12. Investigators identified one of the numbers contacted by Reed and Snider as Keith Wilber's. Investigators spoke with Wilber on three separate occasions, during which Wilber stated Reed called him and sought assistance with a "cold one," who he understood overdosed on heroin. Wilber stated he told Reed and Snider to drive the vehicle and remains to the Menominee Indian Reservation, where they would dispose of both in a remote area. Wilber stated he and Childs met Reed and went from there to the location the vehicle was discovered. Wilber admitted the purpose

5

of transporting the vehicle and body to that location was to conceal evidence of the distribution of heroin that led to S.R.G.'s death. Wilber stated he later met Snider at another location on the Menominee Indian Reservation and obtained heroin from him.

13.     Investigators interviewed Reed, who stated Snider contacted him and said S.R.G. overdosed on heroin. Reed stated he went to Snider's house, where he yelled at Snider for not having Narcan or calling for help. Reed said he, Snider, and others discussed what to do with S.R.G.'s remains and the vehicle. Reed said he agreed to assist Snider in concealing the distribution of heroin to S.R.G. and her overdose. Reed stated on the morning of August 4, 2020, he and Snider drove the Jeep and Tiburon from near Snider's residence to a location on the Menominee Indian Reservation, with S.R.G.'s body still in the passenger seat of the vehicle. Reed stated they went to a spot on the reservation and awaited Wilber's arrival. Reed stated he drove Snider away from that spot after Snider stated he wanted S.R.G.'s remains cut up and buried so the body would not be found. Reed stated the two knew Snider was on GPS monitoring, so he took him to Shawano. Reed said Snider's girlfriend then picked up Snider and returned to Green Bay. Snider's GPS device showed him traveling from the area off S.E. Bass Lake Road to a restaurant in Shawano, where he remained for a short time before returning to Green Bay. Camera footage shows a vehicle resembling the description of Snider's girlfriend's vehicle in a location in Allouez at the approximate time Snider's GPS showed him returning to his residence.

14.     Reed stated after Snider's girlfriend took Snider back to Green Bay, he returned to where he and Snider previously left the Tiburon, and met Wilber and Childs. S.R.G.'s remains were in the Tiburon the entire time. Reed said he traveled with Wilber and Childs to another location deep in the forest. Reed said he drove the Tiburon, which had S.R.G.'s remains in the front passenger seat. According to Reed, Wilber drove his own truck and Childs drove the Jeep.

6

Reed stated once they arrived at the final location, he and Wilber doused the interior and exterior of the Tiburon with a fluid and set it afire. Reed said he then left in the Jeep and Wilber and Childs left in Wilber's truck. Reed said he later obtained heroin and cash from Snider.

15. Based on the foregoing, I submit that there is probable cause to issue a criminal complaint and arrest warrant for the following individuals, charging them with the following crimes:

- Timothy M. Snider, Jr., charging him with Distribution of a Controlled Substance in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); Use of a Communication Facility in Furtherance of a Narcotics Offense in violation of Title 21, United States Code, Section 843(b); and Obstruction of Justice Conspiracy in violation of Title 18, United States Code, Sections 1512(b)(3) and (k);
- Emerson K. Reed a/k/a "Kelo," charging him with Misprision of a Felony in violation of Title 18, United States Code, Section 4; and Arson in Connection with a Federal Felony in violation of Title 18, United States Code, Sections 844(h) and 2(a);
- Keith D. Wilber, Jr., charging him with Misprision of a Felony in violation of Title 18, United States Code, Section 4; and Arson in Connection with a Federal Felony in violation of Title 18, United States Code, Sections 844(h) and 2(a); and
- Kayla M. Childs, charging her with Misprision of a Felony in violation of Title 18, United States Code, Section 4.

Respectfully Submitted,

_B M. D'A___  05/28/21 at 1:42 P.M.
BRIAN M. D'ARCY
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on May 28, 2021.

HON. JAMES R. SICKEL
United States Magistrate Judge
Eastern District of Wisconsin

7